# IN THE UNITED STATES DISTRICT COURT
# NOTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

JARED R. WHEAT, an Individual,
and BLACKSTONE LABS, LLC,
a Florida Limited Liability Company,

Plaintiffs,

v.

Case No. _____

SUPPLEMENT SCIENCE CORP.,
a New York Corporation d/b/a
CONDEMNED LABORATORIEZ,

Defendant.

## COMPLAINT

Plaintiffs Jared R. Wheat and Blackstone Labs, LLC ("Blackstone") file this Complaint against Defendant Supplement Science Corp. d/b/a Condemned Labz ("Condemned Labz") and allege as follows:

### THE PARTIES

1. Plaintiff Jared R. Wheat is an individual residing in Johns Creek, Georgia. Mr. Wheat owns the registered ARSON® trademark for dietary and nutritional supplements.

2. Plaintiff Blackstone is a Florida limited liability company having its principal address at 1120 Holland Drive, Suite 14, Boca Raton, Florida 33487. Blackstone markets and sells a dietary supplement called ARSON in the Northern District of Georgia and throughout the United States.

3. Defendant Condemned Labz is a New York corporation having its registered office at 2139 East 3rd Street, Brooklyn, New York, 11223 and its registered agent at such address is Vincent Miletti. Condemned Labz markets and sells a dietary supplement called ARSYN in the Northern District of Georgia and throughout the United States.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 (federal question), 1332 (diversity), 1338 (trademarks and unfair competition), and 15 U.S.C. § 1121 (Lanham Act claims), as this case is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

5. Pursuant to 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over Plaintiffs' claims arising from the laws of the State of Georgia as those claims are substantially related to the causes of action over which the Court has original jurisdiction.

6. This Court has personal jurisdiction over Condemned Labz pursuant to O.C.G.A. § 9-10-91 because Condemned Labz regularly transacts and solicits business in the Northern District of Georgia and has committed tortious acts (trademark infringement and unlawful trade practices) within this District. Condemned Labz has also caused tortious injury in this District by tortious actions committed outside of this District. By way of example and without limitation, Condemned Labz has purposefully placed goods bearing an infringing trademark into the stream of commerce with the knowledge and expectation that such products would be purchased throughout the United States, including in the Northern District of Georgia, and said goods have been and continue to be purchased in this District.

7. Venue is proper under 28 U.S.C. § 1391(b),(c) because Condemned Labz transacts business and has committed tortious acts within the Northern District of Georgia, and the owner of the subject trademark resides in the Northern District of Georgia.

## BACKGROUND FACTS

8. Mr. Wheat owns the registered ARSON® trademark for dietary and nutritional supplements. A copy of the registration is attached as Exhibit A.

9. Mr. Wheat's constructive use of the ARSON® trademark began upon his filing of an "intent-to-use" application on March 22, 2016. 15 U.S.C. §§ 1051(b), 1057(c).

10. Mr. Wheat's actual use of the ARSON® trademark began no later than September 15, 2017 and he has since continuously used the trademark in commerce.

11. The ARSON® trademark registered on November 14, 2017.

12. Mr. Wheat has granted Blackstone a license to use the registered ARSON® trademark.

13. Blackstone expends considerable resources developing, promoting, branding, marketing, selling, and maintaining the quality of its products, including its ARSON® dietary supplement.

14. Blackstone markets, sells, and distributes its ARSON® dietary supplement via an extensive network of wholesale, Internet, and retail outlets such as health food stores, gyms and fitness centers throughout the United States.

15. Through long-term use and extensive promotion, the registered ARSON® trademark has established significant goodwill among consumers of dietary supplements and has become an extremely valuable asset.

## CONDEMNED LABZ'S INFRINGEMENT

16.     Mr. Wheat and Blackstone recently became aware that Condemned Labz was and is selling dietary supplements in the United States bearing an infringing "ARSYN" product name.

17.     The infringing ARSYN product name and the registered ARSON® trademark are used on the same goods (dietary supplements), which travel in the same trade channels.

18.     The infringing ARSYN product name is confusingly similar in appearance, sound, and meaning to the registered ARSON® trademark and conveys a similar commercial impression to consumers of dietary supplements.

19.     Consumers encountering the infringing ARSYN product name and the registered ARSON® trademark in the marketplace are, and are likely to be, confused as to the source of the goods.

20.     Condemned Labz had constructive notice of the registered ARSON® trademark as of November 14, 2017, the date of its registration. 15 U.S.C. § 1072.

21.     Condemned Labs had actual notice of the registered ARSON trademark no later than February 22, 2019.

22. On February 22, 2019, the United States Patent and Trademark Office refused to register an application for ARSYN for dietary supplements, citing the registered ARSON® trademark as its basis for refusal and finding:

- "The marks are essentially phonetic equivalents and thus sound similar." Exhibit B, p. 2.

- "In this case, the goods in the application and registration are nearly identical. Therefore, it is presumed that the channels of trade and class of purchasers are the same for these goods. Specifically, both applicant and registrant have identified their goods as "dietary and nutritional supplements." *Id.*, p. 3 (internal citations omitted).

- "[T]here is a likelihood of confusion and registration is refused pursuant to Section 2(d) of the Lanham Act." *Id.*

23. After receiving the USPTO's findings, Condemned Labz continued to sell goods bearing the infringing ARSYN product name.

24. Condemned Labz's infringement capitalizes upon the goodwill of the ARSON® registration and damages its value by confusing, and thus harming, consumer perception of the ARSON® dietary supplement.

25. As a direct and proximate result of Condemned Labz' unfair, deceptive and unlawful acts, Mr. Wheat and Blackstone have suffered ascertainable damages in the form of diverted and lost sales.

26. To remedy Condemned Labz' infringing conduct, counsel for Mr. Wheat sent Condemned Labz a letter on July 6, 2020 setting out his exclusive rights

to use the registered ARSON® trademark. Condemned Labz, however, did not cease its infringing conduct.

## COUNT I
## Trademark Infringement under 15 U.S.C. § 1125(a)

27. Mr. Wheat and Blackstone incorporate by reference all preceding paragraphs as though fully set forth herein.

28. Without authorization or consent, Condemned Labz sold, and continues to sell, in interstate commerce dietary supplements bearing the infringing ARSYN product name.

29. Condemned Labz had constructive notice of the registered ARSON® trademark on November 14, 2017 and had actual notice no later than February 22, 2019.

30. Despite said notice, Condemned Labz continued to sell in interstate commerce dietary supplements bearing the infringing ARSYN product name.

31. Condemned Labz' use of the infringing ARSYN product name does, and is likely to, cause confusion, mistake, and deception amongst consumers of dietary supplements, in violation of 15 U.S.C. § 1125(a).

32. Condemned Labz used the infringing ARSYN product name with willful and deliberate intent to trade and capitalize on the goodwill established in the registered ARSON® trademark.

33. Pursuant to 15 U.S.C. § 1117(a), Mr. Wheat and Blackstone should be awarded their actual damages, costs and attorney fees, and Condemned Labz's profits derived from its infringing activities. Also, because Condemned Labz engaged in its infringing activities knowingly and willfully, Mr. Wheat and Blackstone should be awarded three times their damages, or three times Condemned Labz' profits from its unlawful activities, whichever amount is greater.

34. As a direct and proximate result of Condemned Labz' infringement, Mr. Wheat and Blackstone suffered damage to the goodwill and reputation of the ARSON® registration, as well as ascertainable damages in the form of diverted or lost sales.

35. Mr. Wheat and Blackstone are without adequate remedy at law for the damages they continue to sustain due to Condemned Labz's use of the infringing ARSYN product name, and Condemned Labz's infringing activities will continue absent an injunction issued by this Court pursuant to 15 U.S.C. § 1116.

36. Mr. Wheat and Blackstone have been and continue to be damaged by Condemned Labz's infringing conduct and are therefore entitled to both monetary and injunctive relief.

**COUNT II**
**Violation of Georgia's Deceptive and Unfair Trade Practices Act,**
**O.C.G.A. § 10-1-372(a)**

37. Mr. Wheat and Blackstone incorporate by reference all preceding paragraphs as though fully set forth herein.

38. Condemned Labz use, on competitive goods, of a product name confusingly similar in appearance, sound, and meaning to Mr. Wheat's registered ARSON® trademark caused a likelihood of confusion, mistake and deception as to the source of its goods.

39. Condemned Labz' use of the infringing ARSYN product name on dietary supplements – the same goods marketed under the ARSON® registration – passes off the infringing ARSYN product as the ARSON® dietary supplement offered by Blackstone, in violation of O.C.G.A. 10-1-372 (a)(1).

40. Condemned Labz's affirmative actions described above cause a likelihood of confusion and misunderstanding amongst consumers as to the source of the dietary supplement offered under its infringing ARSYN product name,

9

constituting unfair and deceptive methods of competition, which are unlawful under O.C.G.A. § 10-1-372(a)(2).

41. Condemned Labz's use of the infringing ARSYN product name on dietary supplements causes a likelihood of confusion or misunderstanding as to affiliation, connection or association with the registered ARSON® trademark and Blackstone, in violation of O.C.G.A. 10-1-372 (a)(3).

42. Condemned Labz's use of the infringing ARSYN product name on identical or substantially similar goods represents that the goods have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have in violation of O.C.G.A. 10-1-372 (a)(5).

43. Condemned Labz's actions create a likelihood of confusion and misunderstanding amongst the consuming public, in violation of O.C.G.A. 10-1-372 (a)(12).

44. As a direct and proximate result of Condemned Labz' infringement, Mr. Wheat and Blackstone suffered damage to the goodwill and reputation of the ARSON® registration, as well as ascertainable damages in the form of diverted or lost sales.

45. Mr. Wheat and Blackstone are without adequate remedy at law for non-monetary damages they continue to sustain as a direct and proximate result of

Condemned Labz' infringement, and Condemned Labz' unfair and deceptive trade practices set forth herein will continue unless enjoined by this Court pursuant to O.C.G.A. § 10-1-373.

46. In accordance with O.C.G.A. 10-1-373, Mr. Wheat and Blackstone should be awarded costs and attorney fees incurred in pursuing Condemned Labz's infringing activities.

47. Mr. Wheat and Blackstone are therefore entitled to equitable and injunctive relief, costs, and reasonable attorney fees.

## COUNT III
**Georgia Common Law Unfair Competition**

48. Mr. Wheat and Blackstone incorporate by reference all preceding paragraphs as though fully set forth herein.

49. Condemned Labz's actions, as set forth above, constitute unfair competition in violation of the common law of the State of Georgia.

50. No later than February 22, 2019, Condemned Labz's infringement of the registered ARSON® trademark became willful, thus warranting an award of punitive damages under O.C.G.A. § 51-12-5.1.

51. Condemned Labz's actions as described above have caused and will continue to cause irreparable injury to Mr. Wheat and Blackstone and, unless restrained, will continue to do so.

52. As a direct and proximate result of Condemned Labz' conduct, Mr. Wheat and Blackstone have suffered damages to the goodwill and reputation of the ARSON® registration, as well as ascertainable damages in the form of diverted or lost sales, in an amount to be determined at trial.

53. Condemned Labz acts of trademark infringement entitle Mr. Wheat and Blackstone to both compensatory damages and punitive damages.

54. Mr. Wheat and Blackstone are without remedy at law, and Condemned Labs' activities will continue unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Jared R. Wheat and Blackstone pray for judgment against Condemned Labz as follows:

1. That Condemned Labz be adjudged to have violated 15 U.S.C. § 1125(a) by using its infringing ARSYN trademark on dietary supplements.

2. That Mr. Wheat and Blackstone be awarded damages sustained as a consequence of Condemned Labz's conduct.

3. That Mr. Wheat and Blackstone be awarded all profits Condemned Labz obtained by selling goods bearing the infringing ARSYN product name.

4. That all of Condemned Labz's confusing, misleading, and deceptive goods and materials be destroyed as permitted under 15 U.S.C. § 1118.

5. For an order requiring Condemned Labz to deliver up for destruction all tangible items bearing the infringing ARSYN product name, including without limitation: labels, packaging, brochures, flyers, advertisements, and signs (and to recall for such purpose any such products and materials in the possession, custody, or control of any other person or entity) and to remove any reference to the ARSYN product name from all websites over which it has a controlling influence.

6. For preliminary and permanent injunctive relief prohibiting Condemned Labz, its agents, subsidiaries, and affiliates, from using any trademark confusingly similar to Mr. Wheat's registered ARSON® trademark in connection with its products, including any packaging and promotional materials.

7. That Condemned Labz infringement be adjudged to constitute deceptive, unfair, and unlawful practices under O.C.G.A. §10-1-372 (a).

8. That Condemned Labz be found to have knowingly and willfully infringed the registered ARSON® trademark and judgment be against Condemned

Labz in the amount of three times damages or Condemned Labz' profits, whichever amount is greater, together with attorneys' fees, per 15 U.S.C. § 1117(a).

9. That Mr. Wheat and Blackstone recover punitive damages.

10. That Mr. Wheat and Blackstone recover costs and reasonable attorney fees.

11. That Mr. Wheat and Blackstone be granted prejudgment and post judgment interest.

12. That Mr. Wheat and Blackstone have such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and all applicable law, Mr. Wheat and Blackstone request a trial by jury on all issues so triable.

Dated: December 2, 2020						Respectfully submitted,


							*/s/ Arthur W. Leach*
							Arthur W. Leach
							Georgia Bar No. 442025
							Art@ArthurWLeach.com
							Jessica H. Leach
							Georgia Bar No. 742326
							Jessica@ArthurWLeach.com
							The Law Office of Arthur W. Leach
							4080 McGinnis Ferry Rd, Suite 401
							Alpharetta, GA 30005
							Phone: (404) 786-6443

							**ATTORNEYS FOR PLAINTIFFS**